UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAHEEM A. JEELANI,

        Plaintiff,

    v.                              Case No. 25-CV-164

KRISTINE KRUEGER,

        Defendant.

## DECISION AND ORDER

On December 10, 2025, Defendant filed a motion for summary judgment. Dkt. No. 19. Consistent with the Civil Local Rules, Defendant mailed the summary judgment materials to Plaintiff Raheem A. Jeelani's address listed on the docket: the Chippewa Valley Correctional Treatment Facility. Dkt. No. 19-1. The following day, on December 11, 2025, the Court entered a Summary Judgment Notice and Order reminding Plaintiff that, under Civ. L. R. 56(b)(2), his response materials were due on January 10, 2026. Dkt. No. 25. The Court also warned Plaintiff that, under Civ. L. R. 56(b)(9), failure to comply with the requirements of Civ. L. R. 56 may result in sanctions up to and including the Court granting Defendants' motion. *Id*. at 2. On January 5, 2026, the Court's Summary Judgment Notice and Order returned to the Court as "undeliverable," so the Clerk's office remailed the order to a different address in Racine, Wisconsin that was noted in the return envelope. Dkt. No. 26. The January 5 order also returned to the Court as undeliverable—address not known—on January 13, 2026. Dkt. No. 27. The deadline to respond to the motion for summary judgment has now passed, and Plaintiff did not oppose the motion. Plaintiff also still has not updated his address on the docket, as he was advised and reminded to do multiple times throughout the case. *See* Dkt. Nos. 7 at 7; Dkt. No. 16, ¶4. Plaintiff was specifically

warned, "Plaintiff's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice." *See* Dkt. Nos. 7 at 7; Dkt. No. 16, ¶4.

The Court has also reviewed Defendant's motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that she is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendant, and deemed true by the Court, Defendant's decision to stay in the medical examination room during an off-site appointment while Plaintiff was half-naked was reasonably related to the legitimate penological interest of keeping off-site medical staff safe. *See* Dkt. Nos. 20 & 21. As a result, Defendant's conduct did not violate Plaintiff's First Amendment religious rights; and she is entitled to judgment as a matter of law. Moreover, pursuant to Civ. L. R. 56(b)(9), the Court finds that Plaintiff's failure to respond to Defendants' motion and update his address on the docket is sufficient cause for the Court to grant the motion as a sanction for noncompliance with the local rules and this Court's orders.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment (Dkt. No. 19) is **GRANTED**; and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 9th day of February, 2026.

_____
STEPHEN C. DRIES
United States Magistrate Judge